■ SHARON SHAPIRO, as Administratrix of the Estate of SHIRLEY STARK, Deceased, Appellant-Respondent, v AETNA CASUALTY & SURETY COMPANY et al., Respondents, and FRENKEL & CO., INC., Respondent-Appellant.—Judgment, Supreme Court, New York County, entered December 12, 1977, which denied plaintiff's motion for partial summary judgment and granted the cross motion of defendants, the Aetna Casualty & Surety Company and Frenkel & Co., Inc., dismissing all causes of action of the complaint against them except for the fifth and sixth causes, modified, on the law, to the extent of reversing the denial of summary judgment to said defendants insofar as the fifth and sixth causes of action are concerned and granting them summary judgment dismissing the fifth and sixth causes of action, and, as so modified, affirmed, without costs and without disbursements. The essential facts determinative of this appeal are as follows: Dr. Stark in 1970, through his broker, defendant Frenkel & Co., Inc., obtained a homeowner's policy in his name from defendant, the Aetna Casualty & Surety Company, covering premises jointly owned by him and his wife, which policy had a personal property floater. In 1971, the Starks separated and Dr. Stark through another broker, defendant Intrastate Associates, Inc., canceled the homeowner's policy and substituted a standard liability policy and standard fire insurance policy issued by Aetna, naming both him and his wife as insureds. The new policies did not contain a personal property floater. In March, 1972, the Starks were divorced and Dr. Stark wrote Frenkel advising of the divorce and that any renewals should be billed directly to his wife who had obtained sole ownership of the premises. Frenkel on March 15, 1972, requested Aetna to transfer the named insured from Dr. Stark to Mrs. Stark, which request was received by Aetna. On March 25, 1972, a fire occurred destroying the personal property listed in the floater in the Aetna homeowner policy and resulting in the death of Mrs. Stark. Aetna refused to pay on the floater coverage and Mrs. Stark's estate now seeks recovery under the floater. On motion and cross motion for summary judgment, Special Term properly dismissed all the causes of action against the broker Intrastate as Mrs. Stark was a stranger to it and it had no duty to notify her of the cancellation. The court also dismissed the first cause against Aetna based on cancellation and the seventh cause against Aetna and Frenkel based on their failure to inform Mrs. Stark of the cancellation. However, Special Term did not dismiss the fifth cause of action against Aetna and Frenkel and the sixth cause against Frenkel which asserts that the homeowner's policy was still in effect and that in any event Frenkel should have determined whether the policy was in effect and have so advised Mrs. Stark. These causes should also have been dismissed. As the sole named insured, Dr. Stark had the right to cancel the homeowner's policy through the broker Intrastate, and Aetna had no choice. Mrs. Stark was a stranger to both brokers and to the insurance company. The critical fact is that unknown to defendant Frenkel, Dr. Stark had terminated the homeowner's policy through another broker, Intrastate. Aetna did not issue another homeowner's policy with a personal property floater or binder replacing the canceled insurance policy, nor did it have to do so. The assured, Dr. Stark, knew of the cancellation and Aetna had no relationship with Mrs. Stark and no duty to so notify Mrs. Stark. No basis for estoppel to deny coverage exists. The record is devoid of any showing that Intrastate

ever acted or purported to act on behalf of Mrs. Stark. Plaintiff's own papers tend to exonerate Frenkel. Frenkel had no knowledge of Dr. Stark's cancellation of the homeowner's policy until after the fire. The letter from Dr. Stark to Frenkel of March 11, 1972 failed to inform Frenkel of the cancellation through another broker Intrastate. Frenkel, under the impression that it still represented Dr. Stark, complied with this request. Frenkel cannot be charged with negligence in view of the silence on this point by Dr. Stark. There was no proof that Mrs. Stark ever engaged Frenkel as her broker. In any event, Frenkel was succeeded as broker by Intrastate from August, 1971, when Intrastate, at Dr. Stark's direction, canceled the homeowner policy and had Mrs. Stark named as coinsured on successor policies. Frenkel and Aetna's whole relationship and duty, if any, to the decedent Shirley Stark arose out of the instructions from her estranged husband Dr. Stanley Stark, and if those instructions gave rise to any such duty, then for this purpose Stanley Stark must be considered to have been acting on behalf of Shirley Stark (as an agent or otherwise). The whole mixup arose precisely because of the misleading conduct by Stanley Stark (i.e., Shirley Stark's "agent") who canceled the homeowner's policy through one broker Intrastate Associates, Inc., without telling Shirley Stark or Frenkel, and who then told Frenkel to change the beneficiary on the nonexistent homeowner's policy without telling Frenkel of the cancellation. Plaintiff should not be allowed to hold Frenkel and Aetna liable for acting on and essentially just repeating the misrepresentation of Shirley Stark's "agent" in the very conduct which is alleged to have given rise to some duty on the part of Frenkel and Aetna to Shirley Stark. Concur—Kupferman, J. P., Lupiano and Silverman, JJ.; Fein and Sullivan, JJ., dissent in part and would affirm on the opinion of Stecher, J.